IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CENTURY SURETY COMPANY,** § § § | |
| **Plaintiff,** § § | |
| v. § § | |
| **PBC AUTO COMMERCE, LLC DBA COMMERCE CHEVROLET BUICK, BRITTNEY MORAN, DAVID MORAN, LINDA SIMPSON, RICHARD SIMPSON, JEREMY CHASE SPENCER, AND KERSTIN BROOKE JOHNSON** § § § § § § § § § | **CIV. ACTION NO. 3:23-cv-1066** |
| **Defendants.** § | |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff, Century Surety Company ("Century"), and files this its Original Complaint for Declaratory Judgment against Defendants PBC Auto Commerce LLC DBA Commerce Chevrolet Buick ("PBC"), Brittney Moran ("Brittney"), David Moran ("David") (Brittney and David are sometimes referred to herein as the "Morans"), Linda Simpson ("Linda"), Richard Simpson ("Richard") (Linda and Richard are sometimes referred to herein as the "Simpsons"), Jeremy Chase Spencer ("Spencer"), and Kerstin Brooke Johnson ("Johnson"), and would show the Court the following:

**I.
NATURE OF THE ACTION**

1. This is an action for declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201. Century seeks a declaration of the rights and other legal relations

surrounding questions of actual controversy that presently exist between Century and the Defendants. Specifically, the questions are 1) whether Century has an obligation to defend PBC in an underlying lawsuit filed by the Morans and Simpsons (the Morans and Simpsons are sometimes referred to herein as the "Underlying Plaintiffs"); and 2) whether Century owes any insurance coverage obligations to the Defendants in connection with an automobile accident on September 9, 2022.

## II.
## PARTIES

2. Plaintiff, Century Surety Company, is an insurer licensed to transact business in the State of Texas. It is a domestic, for-profit corporation that is incorporated in the State of Ohio, with its principal place of business in the State of Michigan. For purposes of diversity of citizenship, Century is a citizen of the States of Ohio and Michigan.

3. Defendant, PBC Auto Commerce LLC DBA Commerce Chevrolet Buick, is a Nevada Limited Liability Company. For purposes of diversity of citizenship, courts should look to the citizenship of a limited liability company's individual members. PBC has two individual members: Haley Marie Jensen and Kevin Barb. Haley Marie Jensen is an individual who resides in Dallas County, Texas, and is a citizen of the State of Texas. Kevin Barb is an individual who resides in Dallas County, Texas, and is a citizen of the State of Texas. For purposes of diversity jurisdiction, PBC is a citizen of the State of Texas because all of its individual members are citizens of the State of Texas. PBC Auto Commerce LLC DBA Commerce Chevrolet Buick may be served through its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Citation is requested at this time.

4. Defendant Brittney Moran is an individual who resides in Dallas County, Texas, and is a citizen of the State of Texas. Brittney Moran can be served with citation at 1520 Biltmore

Drive, Garland, Texas 75040, or wherever she may be found. Citation is requested at this time.

5. Defendant David Moran is an individual who resides in Dallas County, Texas, and is a citizen of the State of Texas. David Moran can be served with citation at 1520 Biltmore Drive, Garland, Texas 75040, or wherever he may be found. Citation is requested at this time.

6. Defendant Linda Simpson is an individual who resides in Dallas County, Texas, and is a citizen of the State of Texas. Linda Simpson can be served with citation at 4416 Merritt Road, Sachse, Texas 75048, or wherever she may be found.

7. Defendant Richard Simpson is an individual who resides in Dallas County, Texas, and is a citizen of the State of Texas. Richard Simpson can be served with citation at 4416 Merritt Road, Sachse, Texas 75048, or wherever he may be found.

8. Defendant Jeremy Chase Spencer is an individual who resides in Dallas County, Texas, and is a citizen of the State of Texas. Jeremy Chase Spencer can be served with citation at 5210 Baffin Bay Drive, Rowlett, Texas 75089, or wherever he may be found. Citation is requested at this time.

9. Defendant Kerstin Brooke Johnson is an individual who resides in Dallas County, Texas, and is a citizen of the State of Texas. Kerstin Brooke Johnson can be served with citation at 5210 Baffin Bay Drive, Rowlett, Texas 75089, or wherever she may be found. Citation is requested at this time.

### III.
### JURISDICTION AND VENUE

10. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff Century is a citizen of the States of Ohio and Michigan. Defendant PBC, through its individual members, is a citizen of the State of Texas for purposes of diversity jurisdiction. Defendants Brittney Moran, David Moran, Linda Simpson, Richard Simpson, Jeremy Chase Spencer, and

Kerstin Brooke Johnson are all citizens of the State of Texas.  Therefore, complete diversity of citizenship exists as between Plaintiff Century, and all Defendants.

11. The amount in controversy, exclusive of interests and costs, exceeds $75,000.

12. Venue is properly maintained in this Court because it is the judicial district where the accident made the basis of the underlying lawsuit occurred, and in which the underlying lawsuit giving rise to this complaint for declaratory judgment is filed.

## IV.
## THE UNDERLYING LAWSUIT

13. This suit concerns insurance coverage for an automobile accident that occurred on September 9, 2022 (the "Accident").  The Accident involves a vehicle allegedly owned by PBC and operated by Spencer, which collided head-on with a vehicle operated by Brittney.  Brittney was seriously injured in the Accident.  The Morans' minor daughter, B.M., was a passenger in Brittney's vehicle.  B.M. was killed.  The Simpsons' minor daughter, I.S., was also a passenger in Brittney's vehicle.  I.S. was seriously injured.

14. Following the Accident, the Underlying Plaintiffs filed the lawsuit styled *Brittney Moran and David Moran, Individually, and as Anticipated Estate Representatives of B.M., Deceased, and Linda Simpson and Richard Simpson, as Next of Friends of I.S., a Minor*, v. *Jeremy Chase Spencer, Kerstin Brooke Johnson, and PBC Auto Commerce DBA Commerce Chevrolet Buick*, Cause No. CC-22-06206-D, in the County Court at Law No. 4, Dallas County, Texas (the "Underlying Lawsuit").

15. In the Underlying Lawsuit, the Underlying Plaintiffs allege that on or around August 7, 2022, Johnson borrowed a 2020 Dodge Ram crew cab (the "Vehicle") from PBC because her truck was being repaired.  They claim that instead of dropping the Vehicle off to Johnson, the listed borrower on the contract, PBC dropped it off to Spencer.  The Underlying

Plaintiffs allege that PBC had actual knowledge that Spencer would have access to the Vehicle, knew or should have known that he was incompetent and unfit to safely operate the Vehicle, and knew that he was likely to operate it in an unreasonably risky or dangerous manner.

16.     The Underlying Plaintiffs claim that on September 9, 2022, Spencer was operating the Vehicle when he crossed the center line into Brittney's lane of traffic and crashed into her vehicle head-on.

17.     As a result of his actions, Spencer was arrested for alleged criminal acts, and charges against him are pending in criminal court.

18.     The Underlying Plaintiffs claim that Spencer had a duty to operate the Vehicle in a reasonable and prudent manner, and breached this duty in multiple respects. They claim that Spencer was negligent, and that his violations of the Texas Transportation Code constitute negligence *per se*.

19.     The Underlying Plaintiffs assert that Johnson borrowed the vehicle from PBC and negligently entrusted it to Spencer. They claim that at the time of the collision, Spencer was operating the Vehicle with Johnson's knowledge, consent, and permission. They allege that Johnson knew Spencer was an unfit driver as a result of his prior convictions for driving with a suspended license, driving while intoxicated, use of and distribution of narcotics, and speeding, among other things. The Underlying Plaintiffs claim that Johnson knew that Spencer would create an unreasonable risk of harm, Spencer exhibited careless, reckless, and negligent behavior at the time of the Accident, and that "Defendants'" conduct caused the injuries and damages made the basis of the Underlying Lawsuit.

20.     The Underlying Plaintiffs also allege that PBC negligently entrusted the Vehicle to Spencer. They claim that Johnson borrowed the Vehicle from PBC, but PBC was aware that both

Johnson and Spencer had access to it. They claim that on the day of the Accident, Spencer was operating the Vehicle with PBC's knowledge, consent, and permission, and was incompetent and unfit to safely operate a motor vehicle. The Underlying Plaintiffs allege that PBC knew, or should have known in the exercise of due care, that Spencer was incompetent and unfit as a driver and would create an unreasonable risk of harm. They assert that Spencer exhibited careless, reckless, and negligent behavior at the time of the Accident, and "Defendants'" conduct caused the damages made the basis of the Underlying Lawsuit.

21. At the time of the Accident, Spencer had no proper or valid operator's license.

22. The Underlying Plaintiffs seek an unspecified sum in excess of $1,000,000, including survival damages and wrongful death damages.

## V.
## THE CENTURY POLICY

23. Century issued an auto dealers policy to PBC for the period from September 21, 2021 to September 21, 2022 (the "Policy"). The Policy contains liability coverage in the amount of $2,000,000 for each "accident" for Covered Autos Liability symbols 22 and 29, which the policy defines as:

| Symbol | Description of Covered Auto Designation Symbols | |
|---|---|---|
| 22 | Owned "Autos" Only | Only those "autos" you own (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to power units you own). This includes those "autos" you acquire ownership of after the policy begins. |
| 29 | Non-owned "Autos" Used In Your "Auto" Dealership | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your "auto" dealership described in the Declarations. This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company) or members of their households while used in your "auto" dealership. |

**PLAINTIFF CENTURY SURETY COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**     **PAGE 6**
1059945v.5

. . .

24. The Policy contains the following insuring agreements:

**B.   Owned Autos You Acquire After The Policy Begins**

1. If Symbols 21, 22, 23, 24, 25 or 26 are entered next to a coverage in Item Two of the Declarations, then you have coverage for "autos" that you acquire of the type described for the remainder of the policy period.

. . .

**D.   Covered Autos Liability Coverage**

**1.   Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance, or use of covered "autos".

. . .

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense." However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered "Autos" Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

. . .

25. With respect to Who Is An Insured, the Policy contains the following pertinent provision:

**2.   Who Is An Insured**

The following are "insureds" for covered "autos":

a. You for any covered "auto".
b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

  (1) The owner or anyone else from whom you hire or borrow a covered "auto".

  This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

  (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

  (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing or repairing "autos" unless that business is yours.

  (4) Your customers. However, if a customer of yours:

   (a) Has no other available insurance (whether primary, excess or contingent), they are an "insured" but only up to the compulsory or financial responsibility law limits where the covered "auto" is principally garaged.

   (b) Has other available insurance (whether primary, excess or contingent) less than the compulsory or financial responsibility law limits where the covered "auto" is principally garaged, they are an "insured" only for the amount by which the compulsory or financial responsibility law limits exceed the limits of their other insurance.

  (5) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

 c. Anyone liable for the conduct of an "insured" described above, but only to the extent of that liability.

 d. Your "employee" while using a covered "auto" you do not own, hire or borrow in your business or your personal affairs.

. . .

26. The Policy contains endorsement CAG 1701 0220, which contains the following provision:

 **A.** The changes shown below are applicable to Section **I** – Covered Autos Coverages, paragraph **D**., Covered Autos Liability Coverage, sub-paragraph **4**., Exclusions.

 **Leased, Rented, or Loaned Autos**

 Item **g**., Leased Autos, is deleted in its entirety and replaced with the following:

**PLAINTIFF CENTURY SURETY COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**   **PAGE 8**
1059945v.5

This insurance does not apply to "bodily injury" or "property damage" arising out of the ownership, maintenance, or use of:

**g.    Leased, Rented, or Loaned Autos**

Any covered "auto":

**(1)** Leased to others; or
**(2)** Rented to others; or
**(3)** Loaned to others.

Any "auto" bearing a dealer plate or tag in which the dealer plate or tag has been:

**(1)** Leased to others; or
**(2)** Rented to others; or
**(3)** Loaned to others.

. . .

27.    The Special Exclusions and Limitations Endorsement (CAG 1701 0220) also adds the following pertinent exclusions:

**A.**    The following exclusions are added to:

1.    Section **I** – Covered Auto Coverages, Coverage **D**., Covered Autos Liability Coverage, paragraph **4**., Exclusions . . .

. . .

This insurance does not apply to:

**Criminal Acts**

"Bodily injury" or "property damage" arising directly or indirectly out of, or resulting from a criminal act committed by any "insured"; or at the direction of any "insured".

For the purposes of this exclusion, a criminal act means:

**a.**    Criminal conduct that is punishable as a felony; or
**b.**    Includes but is not limited to; driving while impaired or under the influence, as defined by the state where the accident occurred, by alcohol or other substances; or
**c.**    Refusal to submit to a blood alcohol or impairment test requested by law enforcement personnel.

However, when coverage is required by compulsory or financial responsibility law, then the minimum limit required by that statute will apply and no other limits will be available.

**Criminal Fines, Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees**

a. Criminal fines or penalties imposed by law or regulation; or
b. Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any "insured" or by anyone else for whom or which any "insured" or additional "insured" is legally liable; including any multiplier or attorney's fees statutorily awarded to the prevailing party.

. . .

28. The Policy contains the following endorsement (CAG 1717 0818):

**REDUCED LIMITS OF INSURANCE FOR DRIVERS WITHOUT A PROPER OPERATOR'S LICENSE OR UNDER 21**

This endorsement modifies insurance provided under the following form:

A. The following paragraph is added to Section **I** – Covered Autos Coverages, paragraph **D**., Covered Autos Liability Coverage, sub-paragraph **5**., Limit of Insurance – Covered Autos Liability; paragraph **E**., Garagekeepers Coverage; sub-paragraph **5**., Limit of Insurance And Deductibles; and to paragraph **F**., Physical Damage Coverage, sub-paragraph **4**., Limits of insurance.

   1. **Reduced Limit of Insurance – Drivers Without Proper Operator's License**

      Any driver who was without a proper or valid operator's license issued by a state within the United States of America (including its territories and possessions) or who was in violation of any condition of their driving privileges, or was without privileges to drive for any reason at the time an "accident" or "loss" occurred, whether:

      a. On public or nonpublic land; or
      b. On private roads, public roads or other traffic thruways; or
      c. On parking lots or similar areas; or

      **d.**    Within an enclosed or semi-enclosed structure, including but not limited to garages, car washes and similar structures;

will have coverage limited to the compulsory or financial responsibility law limit for that state where the "accident" occurred.

. . .

This reduced liability limit applies even if the claims against any "insured" allege negligence or wrongdoing in the supervision, hiring, employment, training, monitoring of, or entrustment to others by that "insured", if the "accident" or "loss" which caused the "bodily injury" or "property damage" involved the ownership, maintenance or use of any "auto" that is owned or operated by or rented or loaned to any "insured".

29. The Policy contains the following pertinent definitions:

**SECTION V – DEFINITIONS**

**A.** "Accident" includes continuous or repeated exposures to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "accident" or series of related "accidents" is deemed to take place at the time of the first such damage or injury even though the nature or extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving and even though the "accident" causing such "bodily injury" or "property damage", may be continuous or repeated exposure to substantially the same general harmful conditions.[1]

**D**. "Auto" means a land motor vehicle, "trailer," or semitrailer.

**F.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these.

**M.** "Insured" means any person or organization qualifying as an Insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

. . .

---

[1] As amended by endorsement CAG 1701 1018.

**PLAINTIFF CENTURY SURETY COMPANY'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**    **PAGE 11**
1059945v.5

# VI.
# JUSTICIABLE INTEREST

30. Century seeks a declaration as to its rights duties and obligations, if any.

31. An actual controversy therefore exists between the parties hereto pursuant to 28 U.S.C. § 2201 *et seq*., Chapter 37 of the Texas Civil Practice and Remedies Code, and Rule 57 of the Federal Rules of Civil Procedure. This Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to the issues herein. Neither Century nor any other defendant has sought any other legal action to adjudicate their respective rights involving this insurance policy.

# VII.
# COUNTS

## COUNT I – DECLARATORY RELIEF

### A.  THE LEASED, RENTED, OR LOANED AUTOS EXCLUSION PRECLUDES COVERAGE

32. Century alleges and incorporates by references the allegations found in paragraphs 1 through 31 above.

33. The Policy excludes coverage for "bodily injury" or "property damage" arising out of the ownership, maintenance, or use of any covered "auto" loaned to others.

34. All of the injuries made the basis of the Underlying Lawsuit arose out of the ownership, maintenance, or use of an "auto" loaned to others.

35. Century has no duty to defend PBC because all of the injuries and damages at issue are precluded by the Leased, Rented, or Loaned Autos exclusion.

36. For the same reason there is no duty to defend, Century could never have a duty to indemnify.

### B. THE CRIMINAL ACTS EXCLUSION PRECLUDES COVERAGE

37. Century alleges and incorporates by reference the allegations found in paragraphs 1 through 36 above.

38. The Policy excludes coverage for "bodily injury" or "property damage" arising directly or indirectly out of, or resulting from a criminal act committed by any "insured"; or at the direction of any "insured".

39. To the extent Spencer qualifies as an insured, the injuries and damages made the basis of the Underlying Lawsuit arose directly or indirectly out of, or resulted from, his criminal acts.

40. Century has no duty to defend PBC because all of the injuries and damages at issue are precluded by the Criminal Acts exclusion.

41. For the same reason there is no duty to defend, Century could never have a duty to indemnify.

### C. NO COVERAGE FOR PUNITIVE OR EXEMPLARY DAMAGES

42. Century alleges and incorporates by reference the allegations found in paragraphs 1 through 41 above.

43. The Policy's Criminal Fines, Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees exclusion precludes coverage for punitive or exemplary damages, whether arising from the acts of an "insured" or by anyone else for whom or which any "insured" is legally liable.

44. In the unlikely event this Policy may be implicated, there is no coverage for any award of punitive or exemplary damages.

**D.     ALTERNATIVELY, IF COVERAGE IS AVAILABLE AT ALL, IT IS REDUCED BECAUSE SPENCER HAD NO PROPER OPERATOR'S LICENSE**

45.    Century alleges and incorporates by reference the allegations found in paragraphs 1 through 44 above.

46.    Century maintains that no coverage is available for the Accident. However, the Century policy contains an endorsement that limits insurance coverage for an accident when the driver is operating an auto without a proper operator's license. At the time of the Accident, Spencer did not have a proper operator's license.

47.    As an alternative basis, to the extent the Court determines that coverage is available, the limit of liability available for the accident is reduced to the compulsory or financial responsibility law limit in the State of Texas pursuant to the Reduced Limits Of Insurance For Drivers Without A Proper Operator's License Or Under 21 endorsement.

48.    More specifically, the only limit available for the Accident is $30,000 per person/$60,000 maximum per accident for bodily injury, and $25,000 for property damage.

## VII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Century Surety Company prays that the Court enter a declaratory judgment in favor of Century as follows:

A.    The Leased, Rented, or Owned Autos Exclusion precludes any duty to defend PBC and/or indemnify any party;

B.    The Criminal Acts exclusion precludes any duty to defend PBC and/or indemnify any party;

C.    The Criminal Fines, Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees exclusion precludes coverage for punitive or exemplary damages.

D.  As an alternative, in the event the Court determines there is coverage for the Accident, a declaration that the limit available for the Accident is $30,000 per person/$60,000 maximum per accident for bodily injury, and $25,000 for property damage.

E.  Such other, and further, relief in law or in equity, to which Century may show itself justly entitled and for which it shall ever pray.

Respectfully Submitted,

By: */s/ Robert J. Witmeyer*
**ROBERT J. WITMEYER**
Attorney-In-Charge
State Bar No. 24091174
Email:  Rob.Witmeyer@cooperscully.com
**SUMMER L. FREDERICK**
State Bar No. 24067764
Email:  Summer.Frederick@cooperscully.com

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:  (214) 712-9500
Telecopy:   (214) 712-9540

**ATTORNEYS FOR PLAINTIFF,
CENTURY SURETY COMPANY**