IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1066-E |
| | § | |
| PBC AUTO COMMERCE, LLC DBA | § | |
| COMMERCE CHEVROLET BUICK, | § | |
| BRITTNEY MORAN, DAVID | § | |
| MORAN, LINDA SIMPSON, | § | |
| RICHARD SIMPSON, JEREMY | § | |
| CHASE SPENCER, and KERSTIN | § | |
| BROOKE JOHNSON, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Century Surety Company ("Century") filed this Motion for Leave to File a First Amended Complaint. *See* Dkt. No. 60. Defendant PBC Auto Commerce, LLC ("PBC") filed an opposition, *see* Dkt. No. 63, and Century filed a reply, *see* Dkt. No. 65.

For the reasons explained below, the Court grants Century's Motion for Leave to File a First Amended Complaint [Dkt. No. 60].

### Background

This case concerns an insurance coverage declaratory judgment action arising out of an automobile accident.

-1-

In the underlying state court lawsuit styled *Brittney Moran and David Moran, Individually, and as Anticipated Estate Representatives of B.M., Deceased, and Linda Simpson and Richard Simpson, as Next of Friends of I.S., a Minor, v. Jeremy Chase Spencer, Kerstin Brooke Johnson, and PBC Auto Commerce DBA Commerce Chevrolet Buick*, Cause No. CC-22-06206-D, in the County Court at Law No. 4, Dallas County, Texas, the plaintiffs brought causes of action against Defendant Jeremy Chase Spencer for negligence and against Defendants PBC and Kerstin Brooke Johnson for negligent entrustment. *See* Dkt. No. 1 at 4-6.

Century issued an auto dealers policy to PBC, which contains an exclusion for bodily injury or property damages arising from a criminal act committed by the insured (the "Criminal Acts exclusion"). *See* Dkt. No. 1 at 6-11. And in the underlying lawsuit, the plaintiffs claim that Spencer was operating the vehicle involved in the accident and that he was arrested for alleged criminal acts. *See id.* at 5.

And, so, Century requests a declaratory judgment in its favor providing that the Criminal Acts exclusion precludes any duty to defend PBC and/or indemnify any party. *See id.* at 13-14. And to support its position, Century seeks to use evidence that Spencer was indicted for three felonies as a result of the accident. *See* Dkt. No. 60 at 6.

During the discovery process, the Parties sought the Court's intervention to resolve a dispute regarding Century's discovery requests that involved extrinsic evidence. *See* Dkt Nos. 34 & 44.

That discovery dispute implicated the so-called "Monroe exception," which is derived from the Texas Supreme Court's holding in *Monroe Guar. Ins. Co. v. BITCO Gen. Ins. Corp.*, 640 S.W.3d 195, 199 (Tex. 2022)).

Under Texas's "eight-corners rule," courts are "directed to determine an insurer's duty to defend based on: (1) the pleading against the insured in the underlying litigation and (2) the terms of the insurance policy.*" Discover Prop. & Cas. Ins. Co. v. Blue Bell Creameries USA, Inc.*, 73 F.4th 322, 328 (5th Cir. 2023) (quoting *Monroe*, 640 S.W.3d at 199).

But the *Monroe* court held that:

> if the underlying petition states a claim that could trigger the duty to defend, and the application of the eight-corners rule, due to a gap in the plaintiff's pleading, is not determinative of whether coverage exists, Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved.

*Bitco Gen. Ins. Corp. v. Monroe Guar. Ins. Co.*, 31 F.4th 325, 33031 (5th Cir. 2022) (quoting *Monroe*, 640 S.W.3d at 203).

In resolving the discovery dispute, the Court found:

> Century's counsel at oral argument asserted that Century should not be required to plead the Monroe decision or other governing law in its complaint to be entitled to relevant discovery. But what it pleaded is a duty-to-defend declaratory judgment action as to which only the policy and the third-party plaintiff's pleadings are relevant and as to which – without invoking and establishing Monroe's exception – the Court cannot consider extrinsic evidence.

> Century did not plead any basis to support that exception and, even at oral argument, has not adequately explained how the threshold

> requirement of "a gap in the plaintiff's pleading" would be met as to the
> Leased, Rented, or Owned Autos Exclusion. And, as to the Criminal Acts
> exclusion, Century's discovery requests two Rule 36(a) admissions by
> PBC of information that Century acknowledges that it has already
> obtained from public records and that PBC is in no better or special
> position to know of its own accord.

Dkt. No. 58.

Century now seeks leave to amend its complaint to specifically plead the *Monroe* exception in light of the Court's findings.

## Legal Standards

When, like here, a party is not subject to an expired deadline for seeking leave to amend, Federal Rule of Civil Procedure 15(a) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). That is, Rule 15(a) provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981). Thus, while leave to amend is not automatic, *see Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005), the federal rules' policy "is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading," *Dussouy*, 660 F.2d at 598.

The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994; *accord Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009) ("leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile"). "The existence of one of these factors is sufficient to deny leave." *New Orleans Ass'n of Cemetery Tour Guides & Companies v. New Orleans Archdiocesan Cemeteries,* 56 F.4th 1026, 1034 (5th Cir. 2023).

A court may therefore "refuse leave to amend if ... the complaint as amended would be subject to dismissal," *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009); internal quotation marks omitted); *see also Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (While "the language of [Rule 15(a)] 'evinces a bias in favor of granting leave to amend,' ... a district court need not grant a futile motion to amend." (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (in turn quoting *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir. 1982)); citation omitted)); *cf. Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) ("When an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,' it is not an abuse of discretion to deny the motion'" for leave to amend. (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014))).

Because the Court's futility analysis parallels an analysis of a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6), "[u]nder that standard, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' [And a] claim is facially plausible if the complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (in turn quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); internal quotation marks omitted)); *see also Johnson v. City of Shelby,* Miss., 574 U.S. ——, 135 S.Ct. 346, 347, 190 L.Ed.2d 309 (2014) (per curiam) ("[T]o survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e))); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States Supreme Court "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S.Ct. at

347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S.Ct. at 346.

But the Court often looks warily at efforts to preempt an analysis of a new cause of action in the context of a dispositive motion by denying leave in the Rule 15(a) context on the basis of futility. *See Reneker v. Offill*, No. 3:08-cv-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr.13, 2011) ("[T]he court's almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." (internal quotation marks omitted)).

The Court generally only denies a proposed amendment as futile where the cause of action is not, in fact, newly pleaded or where a new cause of action fails as a matter of law – that is, cannot be stated, rather than simply possibly has not been sufficiently stated in the proposed amended complaint. *See Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) ("When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint.").

## Analysis

Century asks the Court for leave to amend its complaint so that it can specifically plead the *Monroe* exception.

Century contends that "[t]he law surrounding the *Monroe* [e]xception is evolving" and that it "did not know it was required to plead its express intention" to invoke the exception until the Court's ruling regarding the Parties' discovery dispute. Dkt. No. 60 at 7. And, so, Century's position is that its amendment is timely, made in good faith, and will not prejudice any party. *See id.* at 7-9.

PBC opposes Century's proposed amendment on the grounds that it is unduly delayed, is prejudicial to the extent that Century seeks discovery that has already been disallowed, and is futile to the extent that the *Monroe* exception does not apply. *See* Dkt. No. 63 at 12-16.

At the outset, Century's motion is timely because the Court has not entered a scheduling order under Federal Rule of Civil Procedure 16(b) setting a deadline for amending the pleadings in this case.

PBC contends that Century's amendment is unduly delayed because "Century knew or should have known at the outset of this lawsuit in May 2023 that it would need to invoke the *Monroe* exception" if it wanted to use extrinsic evidence. *Id.* at 13.

But the record reflects that Century's counsel subjectively believed that Century was not required to specifically plead the *Monroe* exception. *See* Dkt. No. 58; Dkt. No. 59 at 17-18 ("I didn't think we needed to specifically reference *Monroe* and

quote *Monroe* and do the three elements of *Monroe* in order to say that the – that we're looking for very specific evidence to – to prove our exclusions.").

Given that the Texas Supreme Court's *Monroe* decision is relatively recent, and Century moved to amend approximately two weeks after the Court entered its findings on the related discovery dispute, Century's request to amend its complaint is justified under the circumstances and not the result of undue delay.

PBC primarily takes issue with Century's proposed amendment to the extent that Century plans to use it as an "end-run" around the Court's prior discovery ruling [Dkt. No. 58]. PBC states that it "has reason to believe the [amendment] is an attempt to continue to pursue discovery already denied, which would be costly, time consuming, and therefore prejudicial." Dkt. No. 63 at 14.

While undue prejudice to the opposing party is "[p]erhaps the most important factor … and the most frequent reason for denying leave to amend," no such prejudice exists here. *Home Depot U.S.A., Inc. v. Nat'l Fire Ins. Co. of Hartford*, No. CIV A 3:06-cv-0073-D, 2007 WL 2592353 (N.D. Tex. Sept. 10, 2007) ("For example, a change may be deemed prejudicial "if the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation.").

Century has not "hid the ball" regarding its attempt to utilize the *Monroe* exception in this case, as reflected in the parties' initial joint status report. *See* Dkt.

-9-

No. 27 (citing *Monroe* and stating that Century intended to rely upon limited extrinsic evidence consistent with recent opinions from the Texas Supreme Court).

PBC stated that it "would be **unopposed** to [this] Motion if Century attested in an amended certificate of conference that it did not intend to seek discovery before the resolution of the [u]nderlying [l]awsuit." Dkt. No. 63 at 14 (emphasis in original).

Century did not amend its certificate of conference.

But, in its reply and communications with PBC's counsel, Century asserted, multiple times, that it is not seeking leave to amend as means to pursue additional discovery. *See* Dkt No. 65 at 4 ("Century has expressed in person, in writing, and in phone calls with PBC that Century did not intend to file an amended complaint for purposes of seeking discovery."); Dkt. No. 66-1 at 6 ("As we discussed, we do not intend to send out any discovery requests if our motion for leave is granted. The purpose of the First Amended Complaint is to plead the Monroe exception on the criminal acts exclusion.").

And, so, the Court disagrees that PBC could be prejudiced by discovery that has already been disallowed because Century has provided assurances that its motive behind the amendment is not to seek additional discovery.

As to PBC's futility argument, the issue of whether Century has established the *Monroe* exception so that the Court can consider extrinsic evidence is best reserved for the summary judgment stage of these proceedings.

And, so, given the case law in this district and the nature of Rule 15's broad directive in favor of leave to amend, the Court finds that PBC's allegations of undue

-10-

delay, prejudice, and futility present no substantial reasons that warrant denying Century's motion for leave. *See* FED. R. CIV. P. 15(a)(2); *Dussouy,* 660 F.2d at 598.

### Conclusion

For the reasons explained above, the Court grants Century's Motion for Leave to File a First Amended Complaint. [Dkt. No. 60].

SO ORDERED.

DATED: March 25, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-11-